IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2253-JDT-dkv |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On April 18, 2016, the *pro se* Plaintiff, Pamela Moses, a resident of Memphis, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo granted leave to proceed *in forma pauperis* on April 20, 2016. (ECF No. 4.)

On April 26, 2016, Plaintiff filed an "emergency" motion for an expedited hearing with regard to a state-court hearing that was scheduled in Shelby County Chancery Court the next day, April 27, 2016. (ECF No. 5.) However, the Court did not rule on Plaintiff's motion prior to the Chancery Court hearing. Subsequently, Plaintiff appeared before Magistrate Judge Vescovo in open court on May 17, 2016, even though no hearing in this case was scheduled. The minutes of that proceeding indicate Plaintiff again requested an "emergency" hearing. However, the Magistrate Judge advised Plaintiff that she could not address the Court *ex parte*, that no defendant had been served and that counsel had made no appearance on behalf of any defendant. Plaintiff was further

advised that her complaint would be screened in due course and that she should file a motion setting out her concerns instead of attempting to make direct contact with the Court. (Minutes, ECF No. 8.)

Magistrate Judge Vescovo later issued an order denying Plaintiff's earlier motion for an emergency hearing as moot because the hearing in Chancery Court had already occurred. (ECF No. 9.) Plaintiff filed an objection to that ruling on June 6, 2016 (ECF No. 10), stating that the Magistrate Judge deliberately waited until after the hearing to rule on her emergency motion.[1] Plaintiff further asserted in her objection that she had future hearings scheduled in other state-court matters and recently had been harassed by the Shelby County Sheriff's Office ("SCSO") at a meeting of the Shelby County Commission; therefore, she contended the motion was not moot. However, in the motion denied by Magistrate Judge Vescovo, Plaintiff sought to be heard only with regard to the Chancery Court hearing scheduled for April 27th. No other hearings or proceedings were mentioned in that motion. Therefore, the Magistrate Judge's determination that the motion was moot once the April 27th hearing had taken place was not clearly erroneous or contrary to law. Plaintiff's objection to that ruling is DENIED.

Plaintiff filed a motion on May 18, 2016, complaining that Magistrate Judge Vecovo is biased against her and asking that her case either be reassigned to a different Magistrate Judge or that all matters be heard by the undersigned District Judge, essentially seeking recusal of the Magistrate Judge. (ECF No. 6.) Plaintiff also filed another motion for an "emergency" hearing

---

[1] The fact that the Magistrate Judge made no ruling on the motion prior to the hearing was, in all likelihood, due primarily to the fact that Plaintiff waited until one day before the hearing to file her motion. A document submitted by Plaintiff shows that she was aware of the scheduled hearing in state court at least by April 18th. (*See* ECF No. 5-1.)

concerning her treatment by the SCSO. (ECF No. 7.) Magistrate Judge Vescovo denied both motions on June 21, 2016. (ECF Nos. 11 & 12.)

Also on June 21, 2016, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended dismissing this case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 13.) On July 5, 2016, Plaintiff filed a timely objection to the R&R and to the denial of her motions for recusal and for an emergency hearing. (ECF No. 14.)

Plaintiff has sued Shelby County; Shelby County Mayor Mark Luttrell; Sheriff Bill Oldham; Assistant District Attorney Bryce Phillips; SCSO Legal Advisor Debra Fessenden; and Allied Barton, a company that provides internal security services for all Shelby County buildings. Defendants Oldham and Phillips are sued only in their official capacities. (ECF No. 1 at 4.) However, Defendant Fessenden is sued in both her official and individual capacities. (*Id.*)

Plaintiff alleges in the complaint that her trouble began when Defendant Fessenden "made unfounded allegations, rumors, and circulated memos" that Plaintiff was "a dangerous 'Sovereign Citizen who squats in houses.'" (*Id.* at 2.) Defendant Phillips allegedly "initiated bogus arrest warrants" against Plaintiff, pursuant to which the SCSO allegedly "kick[ed] down [her] family home" and subjected her to illegal searches and seizures. (*Id.*) Plaintiff further alleges that, at an unspecified time, her home was broken into and "ransacked" twice by the SCSO without a valid warrant or any legal justification. (*Id.* at 4.) She also alleges that the SCSO has surveilled her home without justification in order to intimidate and harass her and has tampered with her mailbox by placing envelopes and notices inside it. (*Id.*)

Plaintiff alleges that Defendant Allied Barton subjected her to "prolonged and unauthorized detention . . . upon entry of buildings," thus violating her Fourth Amendment rights. (*Id.* at 2.) In

3

December 2015, when she attempted to enter the Shelby County Criminal Justice Complex at 201 Poplar Avenue, Plaintiff allegedly was stopped by Allied Barton and told she needed to wait for an escort. (*Id.* at 5.) On March 8, 2016, when Plaintiff entered the Shelby County Juvenile Court to file documents, she allegedly was "seized" by two SCSO deputies who escorted her and would not allow her "to move about without their permission." (*Id.* at 6.)

Plaintiff alleges that Allied Barton and the SCSO act at the direction of Defendant Fessenden when they escort her each time she enters a County building. (*Id.* at 5.) She contends that Defendant Fessenden "acted unethically on behalf of her close friend Phyllis Gardner" by instructing various officers to mistreat Plaintiff. (*Id.*)[2] Fessenden allegedly "had a SCSO letter delivered to [Plaintiff's] family residence and placed in the mailbox to intimidate and frighten [Plaintiff's] family." (*Id.*) Plaintiff further alleges that Defendant Fessenden instructed SCSO agents to harass Plaintiff in retaliation for negative statements Plaintiff made about Judge Gardner on social media, possibly during Gardner's re-election campaign. (*Id.* at 6.)

In the R&R, Magistrate Judge Vescovo found that this case is subject to dismissal on various grounds. First, she recommended that the Court abstain from exercising jurisdiction over Plaintiff's claims against the Shelby County defendants pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), due to the fact that Plaintiff filed a civil case in the Shelby County Chancery Court raising the same issues that she raises in this Court. The Magistrate Judge stated that Plaintiff's state-court case was dismissed, and Plaintiff's appeal is currently pending in the Tennessee Court of Appeals. (ECF No. 13 at 10-11.)

---

[2] Phyllis B. Gardner is a General Sessions Court Judge in Shelby County. *See* www.tncourts.gov/courts/general-sessions-courts/judges/phyllis-b-gardner.

4

In the alternative and via a footnote in the R&R, Magistrate Judge Vescovo found that Plaintiff's claims in this case may be barred by res judicata if her appeal of the Chancery Court's dismissal of her state-court action is ultimately decided against her. (*Id.* at 22 n.1.)

Again in the alternative, Magistrate Judge Vescovo concluded that Plaintiff's complaint fails to state a claim against Shelby County[3] because even if Plaintiff has sufficiently alleged that her constitutional rights were violated by one or more County officials or employees, she has not alleged that any harm she suffered was the result of an official policy or custom of Shelby County.

Likewise, assuming private contractor Allied Barton is a state actor under 42 U.S.C. § 1983, Plaintiff has failed to allege that any violation of her constitutional rights which may have been caused by the actions of the company's employees in escorting her in County buildings was due to an official policy or custom of the company.

Magistrate Judge Vescovo also found that Plaintiff failed to state a claim with regard to the allegation that Defendant Phillips initiated "bogus" arrest warrants for Plaintiff because she entered a County building unescorted. To the extent that Plaintiff may seek monetary damages against Phillips,[4] the claim is barred by the Eleventh Amendment's grant of sovereign immunity. *See Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987). However, even if the only relief sought is declaratory or injunctive, Plaintiff's allegations against Phillips are merely

---

[3] As stated in the R&R, Plaintiff's claims against Defendants Luttrell, Oldham and Fessenden in their official capacities are also construed as claims against Shelby County.

[4] Plaintiff does not seek specific declaratory or injunctive relief against Phillips, nor does she expressly seek monetary damages against any Defendant. (ECF No. 1 at 10.) However, she does include a general prayer for "such other relief as the Court may deem just and proper." (*Id.*)

5

conclusory. As the Magistrate Judge stated, Plaintiff has not alleged when she was arrested, described the circumstances of her arrest, or explained why the warrants were "bogus."

As to the individual capacity claims against Defendant Fessenden, Magistrate Judge Vescovo thoroughly analyzed all seven of Plaintiff's claims and found that none of them states a claim on which relief may be granted.[5]

In her objections filed on July 5, 2016 (ECF No. 14), the title of the document indicates that Plaintiff is objecting to the denial of her *second* emergency motion,[6] which was filed on May 18, 2016 (*see* ECF No. 7). However, Plaintiff actually complains of Magistrate Judge Vescovo's refusal to grant a hearing when Plaintiff appeared unexpectedly in open court on May 17, 2016. (*See* ECF No. 14 at 1-2.) This untimely objection adds nothing to Plaintiff's previous timely objection to that ruling (ECF No 10), which the Court denied *supra*.

Plaintiff raises only two specific objections to the R&R. First, she asserts that the Magistrate Judge erroneously found this case is barred by res judicata, based on the prior Chancery Court action. However, Magistrate Judge Vescovo did not actually find that this action is barred by res judicata. She merely suggested, in *dicta*, that res judicata would apply if the Tennessee Court of Appeals rules against Plaintiff and upholds dismissal of the state-court lawsuit. Therefore, even if Plaintiff is correct that this case would not be barred by res judicata because the Chancery Court decision was not on the merits, rejection of the R&R is not warranted on that basis.

---

[5] Magistrate Judge Vescovo also noted that any claim based on the alleged unlawful entry of Plaintiff's home on December 18, 2014 (*see* ECF No. 1 at 8), is barred by the applicable one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B).

[6] The title of the document, in relevant part, is "Objection to Magistrate Order Denying Emergency Motion for Hearing on Declaratory Judgement and Preliminary and Permanent Injunction." (*Id.* at 1.)

Plaintiff also contends that Magistrate Judge Vescovo improperly obtained records from that prior Chancery Court action, quoting extensively from the trial court's orders in the R&R. (ECF No. 13 at 9-11.) It is true that the Magistrate Judge did not specifically indicate in the R&R where she obtained copies of the state-court documents, and those documents are not part of the record in this case.[7] However, Plaintiff does not dispute the accuracy of the excerpts that the Magistrate Judge quoted from the state-court documents or her descriptions of the pleadings and motions in that proceeding. Moreover, even if the Court does not rely on the R&R's recommendation to refrain from hearing this case based on the *Younger* abstention doctrine, Magistrate Judge Vescovo's additional conclusions that Plaintiff's complaint fails to state a claim on which relief may be granted are sound.

The bulk of Plaintiff's objections to the denial of her motions and the R&R consist of a lengthy diatribe against Magistrate Judge Vescovo, in which Plaintiff contends that the Magistrate Judge is biased against her and is involved in a conspiracy with the Defendants and others, including Judge Gardner, to violate Plaintiff's rights. Plaintiff "challenges" Magistrate Judge Vescovo to recuse herself "if she has nothing at stake." (ECF No. 14 at 4.)[8]

Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *See Browning v. Foltz*, 837 F.2d 276, 279 (6th

---

[7] The original complaint that Plaintiff filed in the Chancery Court case is part of the record in case number 14-2715-SHM-dkv (W.D. Tenn. Mar. 2, 2015) (remanded to Chancery Court), which was an improper attempt by Plaintiff to remove the case to this Court.

[8] Plaintiff further requests de novo review of every motion decided by the Magistrate Judge in this case. However, Plaintiff is not entitled to de novo review of non-dispositive orders issued by the Magistrate Judge, *see* Fed. R. Civ. P. 72(a), and this order constitutes de novo review of the R&R, *see* Fed. R. Civ. P. 72(b)(3).

Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). In this case, Plaintiff has submitted no evidence whatsoever that Magistrate Judge Vescovo has any personal bias against her. The assertions of bias and misconduct made by Plaintiff are merely conclusory and speculative statements without any foundation or support. Plaintiff is attempting to bootstrap her dissatisfaction with the Magistrate Judge's rulings in this and previous cases into a claim of personal bias, and the Court rejects that attempt.

The Court DENIES Plaintiff's objections to the Magistrate Judge's denial of her motions for an emergency hearing and for recusal and DENIES her objections to the R&R. The R&R is ADOPTED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE